

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 7, 2022**

_____
**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| ACTITECH, L.P.,[1] | § | CASE NO. 22-30049-11 |
| | § | |
| DEBTOR | § | SUBCHAPTER V |

---

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING AMENDED SUBCHAPTER V PLAN OF REORGANIZATION AND GRANTING DEBTOR'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF CLAIMS OF JRJR33, INC. AND AGEL ENTERPRISES, INC.

On October 5, 2022, the Court held a combined hearing on confirmation of the Debtor's

Amended Subchapter V Plan of Reorganization [Docket No. 101] (as amended, supplemented,

and/or modified, the "Plan"), a copy of which is attached hereto as **Exhibit A**, and Debtor's Motion

for Approval of Compromise and Settlement of Claims of JRJR33, Inc. ("JRJR33") and Agel

Enterprises, Inc. ("Agel") under Bankruptcy Rule 9019 (the "9019 Motion") [Docket No. 103]

---

[1] The last four digits of the Debtor's federal tax identification number are *4489

(the "Confirmation Hearing") in the above-captioned subchapter V case (the "Case"). At the Confirmation Hearing the Court heard and considered the testimony of John Koskiewicz, the Debtor's Chief Restructuring Officer, the testimony of Elysiann Bishop, the Debtor's President and Chief Financial Officer, the Declaration of Mr. Koskiewicz in Support of Confirmation of the Plan [Docket No. 119], as well as the Declaration of Carolyn Perkins summarizing the votes on the Plan [Docket No. 120] (the "Balloting Declaration"). Having considered the testimony, Declarations, and other evidence admitted at the Confirmation Hearing, the arguments of counsel and the applicable legal authorities, the compromises and settlements embodied in and contemplated by the Plan and the 9019 Motion, the support of the Subchapter V Trustee and other constituents in the Case, including JRJR33 and Agel, and having found that notice of the Confirmation Hearing and notice of the hearing on the 9019 Motion, and the opportunity for any party in interest to object to confirmation of the Plan and the 9019 Motion, has been adequate and appropriate as to all parties affected or to be affected by the Plan, the 9019 Motion, and the transactions contemplated thereby, the Court hereby confirms the Plan and grants the 9019 Motion and makes and issues the following findings of fact and conclusions of law and orders.[2]

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT**:

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.**     **Findings of Fact and Conclusions of Law.**

1.     The findings of fact and the conclusions of law set forth and incorporated in this Confirmation Order constitute the findings of fact and conclusions of law of the Court in accordance with Bankruptcy Rule 7052, made applicable to this proceeding pursuant to

---

[2] Capitalized terms not defined herein shall have the meaning set forth in the Plan.

Bankruptcy Rule 9014. Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

B.    **Commencement of the Chapter 11 Case.**

2.    On January 10, 2022 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.  The Debtor has continued as Debtor in possession pursuant to Bankruptcy Code sections 1108 and 1184.

C.    **Appointment of Subchapter V Trustee.**

3.    On January 13, 2022, the Office of the United States Trustee filed a Notice of Appointment of Subchapter V Trustee [Docket No. 17], appointing Areya Holder Aurzada as the Subchapter V trustee pursuant to Bankruptcy Code section 1183(a).

D.    **Jurisdiction and Venue.**

4.    The Court has subject matter jurisdiction over the Case pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* of the United States District Court for the Northern District of Texas, entered on August 3, 1984. The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and whether the 9019 Motion should be granted.  Venue was proper in this judicial district as of the Petition Date and remains proper under 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan and approval of the 9019 Motion are core proceedings under 28 U.S.C. § 157.

**E.**     **Eligibility for Relief.**

5.     The Debtor was on the Petition Date and continues to be eligible for relief under section 109 and Subchapter V of the Bankruptcy Code, and the Debtor is the proper proponent of the Plan under section 1189 of the Bankruptcy Code.

**F.**     **Bankruptcy Rule 3016.**

6.     The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The Debtor timely filed the Plan with the Court, thereby satisfying Bankruptcy Rule 3016(b).

**G.**     **Judicial Notice.**

7.     The Court takes judicial notice of the docket of the Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, and orders entered thereon. The Court has considered all evidence offered and admitted at the hearing and all arguments made at the hearings held before the Court during the pendency of the Chapter 11 Case.

**H.**     **Plan Supplement.**

8.     The documents included in the Plan Supplement were timely filed pursuant to the Plan, and the Plan Supplement was served on all creditors. The documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan.  The Debtor has reserved the right to alter, amend, update, or modify such documents in accordance with the terms of the Plan, this Confirmation Order, the Bankruptcy Code, and the Bankruptcy Rules.

**I.**     **Order Providing Notice of Confirmation Hearing and Establishing Key Deadlines.**

9.     On August 24, 2022, the Court entered the Amended Order Providing Notice of Confirmation Hearing and Establishing Key Deadlines, which, among other things: (a) set the Confirmation Hearing for hearing on October 5, 2022 at 2:30 p.m. (Central Time); (b) the deadline to object to the Plan on September 23, 2022 at 5:00 p.m. (Central Time); and approved the form

of the Notice of Confirmation attached as Exhibit A to the Order (the "Confirmation Hearing Notice"). The court finds that the Debtor promptly served Confirmation Hearing Notice on all creditors and other parties in interest, and that the period during which the Debtor solicited acceptances of the Plan was a reasonable and adequate period of time for creditors to have made an informed decision to accept or reject the Plan.

**J.      Solicitation and Notice.**

10.      The Plan, Confirmation Hearing Notice, and ballots to the impaired creditors in Classes 3, 4 and 5 under the Plan who were entitled to vote on the Plan (collectively, the "Ballots") were transmitted and served in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. The solicitation of votes on the Plan complied with the Bankruptcy Code and Bankruptcy Rules, was appropriate and satisfactory based upon the circumstances of the Case, was conducted in good faith, and was in compliance with sections 1125, 1126, and all other applicable sections of the Bankruptcy Code and Bankruptcy Rules. All parties required to be given notice of the bankruptcy, the Bar Dates, the Plan, and the Confirmation Hearing have been provided due, proper, timely, and adequate notice and had an opportunity to appear and be heard with respect thereto. No other or further notice is required. Notice of the hearing on the 9019 Motion was also provided in the Motion and served on all creditors and parties in interest.

**K.      Good Faith Solicitation.**

11.      Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, and all other applicable provisions, rules, and statutes such that this Court finds that Debtor, the Debtor's professionals, and all of their respective directors, officers, employees, members, participants, agents, representatives, partners, affiliates, advisors, and successors or assigns, have

acted in good faith within the meaning of Bankruptcy Code sections 1125(e) and 1129(a)(3) and are, thus, entitled to the protections afforded by Bankruptcy Code section 1125(e).

**L.**   **Balloting Declaration.**

12.     Prior to the Confirmation Hearing, the Debtor filed the Balloting Declaration. As set forth in the Balloting Declaration, the procedures used to tabulate the Ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.

13.     As set forth in the Plan, Holders of Claims in Classes 3, 4, and 5 (collectively, the "Voting Classes") were impaired and eligible to vote on the Plan. As set forth in the Balloting Declaration, all Holders of Class 3 and 5 Claims that submitted a Ballot voted to accept the Plan. LaCore, the only Holder of Class 4 Claims, is the only Creditor entitled to vote that voted to reject the Plan. Holders of Claims or Interests in Classes 1, 2, and 7 are Unimpaired and deemed to accept the Plan. Holders of Claims in Class 6 (Intercompany Claims) are impaired but are presumed to have rejected the Plan pursuant to the Bankruptcy Code section 1126(g), because they are receiving no Distributions under the Plan, and the Intercompany Claims are being disallowed and discharged by the Plan.

**M.**   **Subchapter V Plan Deadline**.

14.     The Plan complies with Bankruptcy Code section 1189 because the original Plan was timely filed within the extended deadline of July 8, 2022, which the Court approved on March 30, 2022. The Amended Plan [Docket No. 101] that is the subject of this Order was filed on August 31, 2022 and served on all Creditors along with the approved form of the Confirmation Notice and a Ballot if such Creditor was entitled to vote on the Plan.

N.      **Subchapter V Plan Content**.

15.     The Plan complies with Bankruptcy Code section 1190 because the Plan contains the following mandatory content: (i) a brief history of Debtor's business operations; (ii) a Liquidation Analysis; and (iii) Projections with respect to the Debtor's the Debtor's ability to make the payments under the Plan.

O.      **Burden of Proof.**

16.     The Debtor, as proponent of the Plan, has met its burden of proving the applicable elements of sections 1191 and 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan.

## II.  CONFIRMATION OF PLAN

17.     The Plan complies with all applicable provisions of sections 1191 and 1129 of the Bankruptcy Code, except section 1129(a)(8).   However, the Plan also meets the requirement of section 1191(b) of the Bankruptcy Code.   Therefore, the Plan is confirmed.

a.      **Compliance with Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**

18.     As required by section 1129(a)(1) of the Bankruptcy Code, the Plan complies with all applicable provisions of the Bankruptcy Code, including the applicable provisions of sections 1122 and 1123.

(i)     **Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).**

19.     The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code and non-discriminatory.   Article IV of the Plan designates Classes of Claims and Equity Interests, other than the types of claims specified in section 1123(a)(1) of the Bankruptcy Code, which need not be classified.   As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially

similar to the other Claims or Equity Interests within that Class. Valid reasons exist for separately

classifying the various Classes of Claims and Equity Interests created under the Plan. The Plan,

therefore, satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

**(ii)    Specified Unimpaired and Impaired Classes (11 U.S.C. §§ 1123(a)(2), 1123(a)(3) and 1123(b)(1)).**

20.    Article IV of the Plan specifies that Claims and Equity Interests in Classes 1, 2, and

7 are Unimpaired.  Article IV of the Plan specifies the treatment of each Impaired Class under the

Plan, which are Classes 3, 4, 5 and 6. The Plan, therefore, satisfies sections 1123(a)(2) and

1123(a)(3) of the Bankruptcy Code, and the impairment or unimpairment of Claims and Equity

Interests under the Plan is permitted under section 1123(b)(1) of the Bankruptcy Code.

**(iii)    No Discrimination (11 U.S.C. § 1123(a)(4)).**

21.    Article IV of the Plan provides the same treatment for each Claim or Equity Interest

within a particular Class unless the Holder of a particular Claim or Equity Interest has agreed to a

less favorable treatment with respect to such Claim or Equity Interest. The Plan, therefore, satisfies

the requirements of section 1123(a)(4) of the Bankruptcy Code.

**(iv)    Implementation of the Plan (11 U.S.C. § 1123(a)(5)).**

22.    The Plan and the various documents and agreements set forth in the Plan

Supplement provide adequate and proper means for the Plan's implementation, including, without

limitation: (a) the good faith compromise and settlement of all Claims and controversies resolved

pursuant to the Plan, including the Agel/JRJR33 Trustee Claims; (b) consummation of the

transactions necessary to implement the Plan; (c) the Exit Financing required to fund the Plan; (d)

Distributions of the Debtor's Projected Disposable Income over the three-year Commitment

Period; (d) vesting of assets in the Reorganized Debtor; and (e) exemption from transfer taxes

pursuant to section 1146 of the Bankruptcy Code.  The Plan incorporates the terms of the

Settlement Agreement attached to the 9019 Motion with respect to the treatment of the Class 5

Agel/JRJR33 Trustee Claims.  The Plan, therefore, satisfies the requirements of section 1123(a)(5)

of the Bankruptcy Code.

### (v)      Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).

23.     The Debtor is a limited partnership.   Therefore, section 1123(a)(6) of the

Bankruptcy Code, which deals with non-voting securities in a corporation, is inapplicable.

### (vi)     Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).

24.     The Plan Supplement identifies the sole officer of the Reorganized Debtor,

Elysiann Bishop, President and CEO.  The Debtor is a limited partnership.  Therefore, it has no

directors.  The Plan Supplement discloses that the Reorganized Debtor, a limited partnership, will

continue to be controlled by Ms. Bishop through her 100% ownership of the Debtor's general

partner, Active Group Management, LLC.   The Plan, therefore, satisfies the requirements of

section 1123(a)(7) of the Bankruptcy Code.

### (vii)    Discretionary Contents of the Plan (11 U.S.C. § 1123(b)).

25.     The other provisions of the Plan are appropriate and consistent with the applicable

provisions of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section

1123(b) of the Bankruptcy Code.

### (a)      Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).

26.     Article V of the Plan governs the assumption or rejection of the Debtor's Executory

Contracts or Unexpired Leases that were not previously assumed or rejected pursuant to an order

of the Court.

27.     On the Effective Date, all Executory Contracts or Unexpired Leases of the Debtors

not listed on a Schedule of Assumed Executory Contracts and Unexpired Leases will be deemed

rejected in accordance with sections 365 and 1123 of the Bankruptcy Code. As set forth in the

Plan Supplement, the Debtor is not assuming any Executory Contracts or Unexpired Leases under

the Plan. However, the Plan provides that to the extent the Debtor's D&O insurance is deemed to

be an executory contract, such insurance shall remain in effect.

28.     Entry of this Confirmation Order shall constitute approval of the Debtor's rejection

of all Executory Contracts or Unexpired Leases, other than the Debtor's D&O insurance, pursuant

to sections 365 and 1123(b)(2) of the Bankruptcy Code effective as of the Effective Date.

> **(b)     Settlement, Releases, Exculpation, Injunction, and Reservation
> of Rights (11 U.S.C. § 1123(b)(3)).**

29.     **Compromise and Settlement**. Pursuant to Bankruptcy Rule 9019 and in

consideration for the Distributions and other benefits provided pursuant to the Plan, the provisions

of the Plan shall constitute a good faith compromise of all Claims, Equity Interests, and

controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim

or Equity Interest may have with respect to any Allowed Claim or Equity Interest, or any

Distribution to be made on account of such Allowed Claim or Equity Interest. The entry of this

Confirmation Order shall constitute the Court's approval of the compromise or settlement of all

such Claims, Equity Interests, and controversies, as well as a finding by the Court that such

compromise or settlement is in the best interests of the Debtor, its Estate, and Holders of Claims

and Equity Interests, and is fair, equitable, and reasonable. In accordance with the provisions of

the Plan, after the Effective Date, the Reorganized Debtor may compromise and settle any Claims

against, and Equity Interests in, the Debtor and its Estate and Causes of Action against other

Entities without any further notice to or action, order, or approval of the Court.

30.     **Debtor Release**. Each of the Released Parties has made a substantial contribution

to the Plan and to the Debtor's reorganization, and the release by the Debtors under Article VIII

of the Plan (the "<u>Debtor Release</u>") is an essential component of the Plan.  The Court finds that the Debtor Release is: (1) a reasonable exercise of the Debtor's business judgment; (2) in exchange for good and valuable consideration provided by the Released Parties; (3) a good faith settlement and compromise of the Claims released in Article VIII of the Plan; (4) in the best interests of the Debtor and all Holders of Claims and Equity Interests; (5) fair, equitable, and reasonable; and (6) given and made after due notice and opportunity for hearing.

31.    **Exculpation**.  The exculpation provided by Article VIII of the Plan (the "<u>Exculpation</u>") for the benefit of the Exculpated Parties is appropriately tailored to the circumstances of the Chapter 11 Case and is approved.

32.    **Injunction**.  The injunction provisions set forth in Article VIII of the Plan (the "<u>Injunction</u>") are essential to the Plan, necessary to implement the Plan, and appropriately tailored to achieve those purposes.

33.    **Compromise, Settlement and Release of Alter Ego, Veil Piercing and Vicarious Liability Claims against Actichem (the "Veil Piercing Claims")**.  The Court finds that the Debtor owns the Veil Piercing Claims and that the Debtor's Release of such Veil Piercing Claims against its affiliate Actichem is: (1) a reasonable exercise of the Debtor's business judgment; (2) in exchange for good and valuable consideration provided by Actichem, including the $2 million Exit Financing provided by Actichem under the Plan, and the funding of the $2.75 million Settlement Payment pursuant to the settlement of the Agel/JRRJR33 Trustee Claims that is the subject of the 9019 Motion; (3) a good faith settlement and compromise of the Veil Piercing Claims released in Article VIII of the Plan; (4) in the best interests of the Debtor and all Holders of Claims and Equity Interests; (5) fair, equitable, and reasonable; and (6) given and made after due notice and opportunity for hearing.  The Court finds that without such a release Actichem would not have

been willing to provide the Exit Financing or fund the Settlement Payment for the settlement of

the Agel/JRJR33 Trustee Claims, which was essential to the Debtor's reorganization. Without the

Actichem funding, the Debtor had no ability to reorganize, because the Debtor had no other

alternative source of financing.

34.     **Reservation of Rights, Claims and Causes of Action by the Debtor**. The

provisions set forth in Article VIII of the Plan regarding the preservation of, among other things,

Claims or Causes of Action are appropriate and are in the best interests of the Debtor and

Reorganized Debtors, as applicable.

### (c)     Other Appropriate Provisions (11 U.S.C. § 1123(b)(6)).

35.     The Plan's other provisions are appropriate and consistent with the applicable

provisions of the Bankruptcy Code in accordance with section 1123(b)(6) of the Bankruptcy Code.

### b.     The Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

36.     The Debtor has complied with all applicable provisions of the Bankruptcy Code as

required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1125 and

1126.

37.     The Debtor solicited and tabulated votes on the Plan in good faith within the

meaning of section 1125(e) and other applicable provisions of the Bankruptcy Code and is,

therefore, entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the

Release and Exculpation provisions set forth in Article VIII of the Plan.

### c.     Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).

38.     The Debtor has proposed the Plan in good faith and not by any means forbidden by

law. The Case was filed, and the Plan was proposed, with the legitimate purpose of allowing the

Debtor to reorganize and emerge from bankruptcy. The Plan has been proposed in good faith and

for a proper purpose.  The Plan also incorporates the terms of the settlement set forth in the 9019

Motion, which was the subject of intense arm's length negotiations. In determining that the Plan satisfies section 1129(a)(3) of the Bankruptcy Code, the Court has examined the totality of the circumstances surrounding the filing of the Case, the Plan itself, and the process leading to its confirmation. The Court finds that the Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.

   **d.**      **Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**

39.      Payments made or to be made by the Debtor for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable. The Plan, therefore, satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

   **e.**      **Directors, Officers, and Insiders (11. U.S.C. § 1129(a)(5)).**

40.      The Reorganized Debtor's initial officers have been disclosed in the Plan Supplement. The proposed officers for the Reorganized Debtor are qualified, and their appointment to, or continuance in, such roles is consistent with the interests of Holders of Claims and Equity Interests and with public policy. The Reorganized Debtor has no directors because it is a limited partnership controlled by Elysiann Bishop through her ownership of the Debtor's general partner. Accordingly, the Plan satisfies the requirements of section 1129(a)(5).

   **f.**      **No Rate Changes (11 U.S.C. § 1129(a)(6)).**

41.      The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval. Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

   **g.**      **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**

42.      Each Holder of an Impaired Claim either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date,

which is not less than the amount that such Holder would receive or retain if the Debtor were

liquidated under chapter 7 of the Bankruptcy Code on such date. The Liquidation Analysis (as

defined in the Plan), and the other evidence related thereto, and the testimony about the Liquidation

Analysis at the Confirmation Hearing, are persuasive, credible and reasonable. The Plan, therefore,

satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

      **h.**    **Acceptance by Certain Impaired Classes (11 U.S.C. § 1129(a)(8)).**

      43.    Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or

interests must either accept a plan or be unimpaired under a plan. Classes 1, 2, and 7 are

Unimpaired under the Plan, so each of those Classes is conclusively presumed to have accepted

the Plan in accordance with section 1126(f) of the Bankruptcy Code. Classes 3, 4, and 5 are

Impaired Classes and are, therefore, entitled to vote on the Plan.  Classes 3 and 5 voted to accept

the Plan.  As set forth in the Balloting Declaration, all of the Creditors that submitted a Ballot in

each of Classes 3 and 5 voted to accept the Plan.  LaCore, the only Creditor in Class 4 (LaCore

Claims) voted to reject the Plan.  Although the Holders of Class 6 Claims (Intercompany Claims)

were impaired under the Plan, such Holders are deemed to reject the Plan because they are

receiving no Distributions under the Plan.  Because Class 4 voted to reject the Plan, and Class 6 is

deemed to have rejected the Plan, the Plan can only be confirmed if section 1191(b) of the

Bankruptcy Code is satisfied.  As set forth below, the Court finds that the Plan satisfies the

requirements of section 1191(b) and can, therefore, be confirmed despite the rejection of the Plan

by Class 4 and the deemed rejection of the Plan by Class 6.

**i.      Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the
Bankruptcy Code (11 U.S.C. § 1129(a)(9)).**

44.      The treatment of Administrative Claims and Priority Tax Claims as set forth in the

Plan is in accordance with the requirements of section 1129(a)(9) of the Bankruptcy Code. The

Plan, therefore, satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

**j.      Acceptance by at Least One Impaired Class of Claims (11 U.S.C. §
1129(a)(10)).**

45.      As set forth in the Balloting Declaration, all Holders of Claims in Impaired Classes

3 and 5 that submitted Ballots voted to accept the Plan.  The Plan, therefore, satisfies the

requirements of section 1129(a)(10) of the Bankruptcy Code.  In any event, the Plan satisfies the

requirements of section 1191(b), so it is confirmable without regard to the satisfaction of section

1129(a)(10).

**k.      Feasibility of the Plan (11 U.S.C. § 1129(a)(11)).**

46.      Based upon the evidence presented at the Confirmation Hearing, the Court finds

that the Projections are reasonable and achievable, the Plan is feasible, and confirmation is not

likely to be followed by the Reorganized Debtor liquidating or requiring further financial

reorganization. The Plan, therefore, satisfies the requirements of section 1129(a)(11) of the

Bankruptcy Code.

**l.      Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12)).**

47.      The Plan provides for the payment of all fees payable by the Debtor under 28 U.S.C.

§ 1930(a). Because this is a Subchapter V case, the Debtor is not required to pay any fees to the

U.S. Trustee.   The Plan, therefore, satisfies the requirements of section 1129(a)(12) of the

Bankruptcy Code.

  m.  **Non-applicability of Certain Sections (11 U.S.C. §§ 1129(a)(13), (14), (15), and (16)).**

48.  Section 1129(a)(13) of the Bankruptcy Code requires a plan to provide for retiree benefits (as defined in section 1114 of the Bankruptcy Code) at levels established pursuant to section 1114. The Debtor has not obligated itself to provide retiree benefits within the meaning of section 1114 of the Bankruptcy Code and therefore section 1129(a)(13) of the Bankruptcy Code is inapplicable.

49.  The Debtor does not owe any domestic support obligations, is not an individual, and is not a nonprofit corporation. Therefore, sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Plan.

  n.  **Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1191).**

50.  The Holder of Class 4 Claims (La Core Claims) voted to reject the Plan.  LaCore was the only Creditor that voted to reject the Plan.  Holders of Claims in Class 6 (Intercompany Claims) are not receiving a Distribution or retaining any property under the Plan and, consequently, are deemed to have rejected the Plan pursuant to section 1126(g).  Pursuant to section 1129(b)(1), the Plan may still be confirmed, notwithstanding that not all Impaired Classes have voted to accept the Plan, if the Plan is fair and equitable with respect to, and does not unfairly discriminate against, such Classes.    The Court finds that the Plan complies with section 1191(b) of the Bankruptcy Code because:

  (a)  Bankruptcy Code section 1191(c)(1) is satisfied because the Plan satisfies the requirements under Bankruptcy Code section 1129(b)(2)(A) as to Allowed Secured Claim;

  (b)  As of the Effective Date of the Plan, the Plan provides that all of Debtor's Projected Disposable Income, as defined by Bankruptcy Code section 1191(d), during the

3-year Commitment Period will be applied to make payments under the Plan;

(c)     There is a reasonable likelihood that Debtor will be able to make all of the payments under the Plan; and

(d)     The Plan Provides appropriate remedies to protect Holders of Clams and Interests in the event that Plan payments are not made.  Namely, the Plan provides that the Actichem Exit Financing will be used to fund any shortfalls in the Debtor's Projected Disposable Income.

**B.     <u>Satisfaction of Confirmation Requirements.</u>**

51.     Based upon the foregoing, the Plan satisfies the requirements for plan confirmation set forth in sections 1129 and 1191 of the Bankruptcy Code.

**C.     <u>Plan Implementation</u>.**

52.     Article VII of the Plan details the means for implementation of the Plan. The actions to be taken to implement the Plan have been adequately disclosed, are fair and reasonable, and are in the best interests of the Debtor and its Estate.

## III.  <u>ORDER</u>

**A.     <u>Findings of Fact and Conclusions of Law.</u>**

53.     The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014. To the extent that any finding of fact is determined to be a conclusion of law, it is deemed so, and vice versa.

B.     **Confirmation of Plan.**

54.     The Plan, attached hereto as **Exhibit A**, including the Plan Supplement, is approved in its entirety and confirmed under sections 1129 and 1191 of the Bankruptcy Code and shall be effective and binding as of the Effective Date.

55.     The terms of the Plan and the Debtor's or Reorganized Debtor's entry into the agreements included in the Plan Supplement and any related documents and performance thereunder, including, without limitation, all documents necessary to implement the transactions contemplated under the Plan, are hereby approved and authorized. The Debtor and Reorganized Debtor are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, agreements and other documents contemplated by the Plan.

C.     **Objections Overruled.**

56.     No objections were filed to the Plan.  Only one objection was filed to the 9019 by MC-GP, LLC, Sherman 301-A, LLC and Sherman 301-B, LLC, the purchaser of the Debtor's Sherman manufacturing facility [Docket No. 115] (the "MC-GP, LLC Objection").  To the extent any objections to the confirmation of the Plan were raised at the hearing, they are overruled.  The MC-GP objection is also overruled.

D.     **General Settlement of Claims and Equity Interests.**

57.     Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of Claims and Equity Interests and controversies resolved pursuant to the Plan. Distributions made to Holders of Allowed Claims in any Class are intended to be, and shall be, final.

**E.      Approval of Settlement of Agel/JRJR33 Trustee Claims Pursuant to 9109 Motion**

58.      Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, the Court finds that the settlement of the Agel/JRJR33 Trustee Claims as set forth in the 9019 Motion and incorporated in the Plan is fair and reasonable and in the best interest of the Debtor and the Debtor's creditors.  The settlement is, therefore, approved.  The 9019 Motion is granted in all respects and is the subject of a separate Order of the Court entered contemporaneously with this Order.

**F.      Revesting of Property in the Reorganized Debtor**

59.      All of the Debtor's assets shall be granted, released, assigned, conveyed, transferred, and delivered as of the Effective Date to the Reorganized Debtor pursuant to §§ 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code and in accordance with the Plan and Confirmation Order, and as of the Effective Date, free and clear of any and all Liens, Claims, encumbrances, and interests (legal, beneficial, or otherwise) of all other Persons and Governmental Units to the maximum extent contemplated by and permissible under section 1141(c) of the Bankruptcy Code for the uses and purposes as specified in the Plan, Plan Supplement, and this Confirmation Order.

**G.      Exemption from Certain Transfer Taxes and Recording Fees.**

60.      Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to or in furtherance of the Plan or any agreement regarding the transfer of property pursuant to or in furtherance of the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, sales tax, use tax, privilege tax, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, and this Confirmation Order shall direct the appropriate federal, state or local governmental officials or agents or taxing authorities to forgo

the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

## H.    Directors and Officers Insurance Policies.

61.    Notwithstanding anything contained in the Plan to the contrary, all director and officer liability insurance policies of the Debtor in effect on the Effective Date shall be continued. To the extent that such insurance policies are deemed to be executory contracts, then the Debtor shall be deemed to have assumed such insurance policies pursuant to sections 365(a) and 1123 of the Bankruptcy Code effective as of the Effective Date and entry of this Confirmation Order constitutes the Court's approval of such assumptions. Confirmation of the Plan shall not discharge, impair, or otherwise modify any indemnity or other obligations of the insurers under such policies or rights of the Reorganized Debtor or current or former directors or officers of the Debtors under such policies.

## I.    Corporate Action.

62.    Upon the Effective Date, each of the Debtor and the Reorganized Debtor, as applicable, may take any and all actions to execute, deliver, File or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by officers, directors, or managers of the Debtor or the Reorganized Debtor or by any other Person (except for those expressly required pursuant to the Plan). Prior to, on or after the Effective Date (as appropriate), all matters provided for pursuant to the Plan that would otherwise require approval of the partners or officers of the Debtor will be deemed to have been so approved and will be in

effect pursuant to applicable law and without any requirement of further action by such partners or officers of the Debtor, or the need for any votes, approvals, authorizations, actions or consents of any Person (except for those expressly required pursuant to the Plan).

**J.    Treatment of Executory Contracts and Unexpired Leases.**

63.    The provisions governing the treatment of Executory Contracts or Unexpired Leases set forth in Article V of the Plan (including the procedures regarding the resolution of any and all disputes concerning the assumption of any Executory Contracts or Unexpired Leases) are hereby approved in their entirety.

**K.    Claims Based on Rejection of Executory Contracts or Unexpired Leases**

64.    All Proofs of Claim with respect to Claims arising from the rejection pursuant to the Plan of any Executory Contracts or Unexpired Leases, if any, must be Filed and served upon the Reorganized Debtor **within the later of (i) thirty (30) days after the Effective Date, or (ii) the date set forth in such Order rejecting the Executory Contract or Unexpired Lease**. Any Claims arising from the rejection of Executory Contracts or Unexpired Leases that become Allowed Claims are classified and shall be treated as Class 3 General Unsecured Claims. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease pursuant to this Plan not Filed within the later of (i) thirty (30) days after the Effective Date, or (ii) the date set forth in such Order rejecting the Executory Contract or Unexpired Lease will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtor, the Reorganized Debtor, or the Estate or property of the Debtor and Reorganized Debtor unless otherwise ordered by the Court or provided in the Plan.

**L.**     **Distributions Under the Plan and Procedures for Resolving Disputed Claims**

65.     The procedures governing distributions contained in Article VI of the Plan are approved in their entirety.  The procedures for resolving disputed claims contained in Article VI of the Plan are also approved in their entirety.

**M.**     **The Discharge, Releases, Injunction, Exculpation, and Related Provisions Under the Plan.**

66.     The settlements, releases, exculpation, discharge, injunction, and related provisions set forth in Article VIII of the Plan are approved and authorized in their entirety, including, but not limited to:

a.     **Compromise and Settlement of Claims, Equity Interests and Controversies**. The compromise and settlement of claims, equity interests and controversies contained in Article VIII(A) of the Plan is hereby approved and incorporated herein by reference.

b.     **Veil Piercing Claims Release**. The Release of the Veil Piercing Claims set forth in Article VIII(B) of the Plan is hereby approved in its entirety and incorporated herein by reference.

c.     **Exculpation**. The Exculpation provided by Article VIII(C) of the Plan is hereby approved in its entirety and incorporated herein by reference.

d.     **Debtor Release**. The Debtor Release set forth in Article VIII(D) of the Plan is hereby approved in its entirety and incorporated herein by reference.

e.     **Injunction**.     The Injunction set forth in Article VIII(E) of the Plan is hereby approved in its entirety and incorporated herein by reference.

f.     **Discharge of Claims**. The discharge provisions set forth in Article VIII(F) of the Plan are hereby approved in its entirety and incorporated herein by reference.

g.     **Release of Liens**.  The release of liens provisions of Article VIII(G) are hereby approved in their entirety and incorporated herein by reference.

h.     **Reservation of Rights, Claims and Causes of Action by the Debtor**. The provisions set forth in Article VIII(H) of the Plan whereby all rights, Claims and Causes of Action of the Debtor are preserved and retained for the benefit of the Reorganized Debtor are hereby approved in their entirety and incorporated herein by reference.

**N.     <u>Setoff and Recoupment.</u>**

67.     The Debtor and Reorganized Debtor may, but shall not be required to, set off against or recoup from any Claim, and the payments or other Distributions to be made pursuant to this Plan in respect of such Claim, any Claims, rights or Causes of Action of any nature whatsoever that the Debtor may have against the Holder of such Claim that are not otherwise waived, released or compromised in accordance with the Plan; but neither the Debtor's nor the Reorganized Debtor's failure to do so, nor the allowance of any Claim, shall constitute a waiver or release by the Debtor or the Reorganized Debtor or the Estate of any such Claims, rights or Causes of Action that the Debtor or the Reorganized Debtor may have against such Holder that are not otherwise waived, released or compromised in accordance with the Plan.

**O.     <u>Retention of Jurisdiction.</u>**

68.     Upon the Effective Date, this Court shall retain jurisdiction over the Chapter 11 Case and all Entities with respect to all matters related to the Chapter 11 Case, the Debtor and the Plan as legally permissible, as set forth in Article X of the Plan.

**P.     <u>Effect of Confirmation on Modifications.</u>**

69.     Entry of this Confirmation Order shall be deemed approval of all modifications or amendments, if any, to the Plan since the solicitation thereof pursuant to section 1193(a) of the

Bankruptcy Code and a determination that such modifications do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

**Q.    <u>Additional Documents.</u>**

70.    The Debtor, all Holders of Allowed Claims receiving Distributions pursuant to the Plan and all other parties in interest shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

**R.    <u>Administrative Claims Bar Dates.</u>**

71.    Requests for payment of Administrative Claims, including Professional Fee Claims, must be filed and served on the Debtor **no later than thirty (30) days after the Effective Date**.  Any Person who is required, but fails to timely File and serve a request for payment of an Administrative Claim, including a Professional Fee Claim, shall be forever barred from seeking payment of such Administrative Claim by the Debtor, the Estate or the Reorganized Debtor, and such Administrative Claim shall be deemed discharged as of the Effective Date

72.    Parties requesting allowance by the Bankruptcy Court of a Professional Fee Claim for services rendered and expenses incurred through and including the Effective Date must File a final application for allowance of such Professional Fee Claim **by no later than thirty (30) days after the Effective Date** and serve such application on the Reorganized Debtor and the United States Trustee.  Objections to any Final Fee Application must be filed and served on the Reorganized Debtor and requesting party b**y no later than twenty-one (21) days after the filing of such Final Fee Application**.

**S.    <u>Reservation of Rights.</u>**

73.    The Plan shall have no force or effect unless and until the Court enters this Confirmation Order and the Effective Date occurs.

T.    **Successors and Assigns.**

74.    Except as may otherwise be provided in the Plan, the rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, partner, officer, director, manager, agent, representative, attorney, beneficiary or guardian, if any, of each Entity.

U.    **Governing Law.**

75.    Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Texas, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control.

V.    **Plan Supplement.**

76.    The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and the execution, delivery, and performance thereof by the Debtor and the Reorganized Debtor, are authorized when they are finalized, executed, and delivered.  Without further order or authorization of this Court, the Debtor or Reorganized Debtor and their successors are authorized and empowered to make all modifications to all documents included as part of the Plan Supplement, and any amendments, modifications, and supplements thereto, that are consistent with the Plan.

W.    **Governmental Approvals Not Required.**

77.    This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to

implementation or consummation of the Plan, and any acts referred to in or contemplated by the Plan.

**X.**    **Reversal.**

78.    If any of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to receipt of written notice of such order by the Debtor, including without limitation the payment of any Administrative Claims or Allowed Claims or Distributions under the Plan.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such acts or obligations incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, all documents relating to the Plan, and any amendments or modifications to any of the foregoing.

**Y.**    **Recording.**

79.    The Debtor and the Reorganized Debtor are authorized to deliver a notice or short form of this Confirmation Order, with the Plan attached (in a form complying with any applicable non-bankruptcy rules or regulations), to any state or local recording officer, and such officer must accept for filing such documents or instruments without charging any stamp tax, recording tax, personal property transfer tax, mortgage, or other similar tax. Such notice: (a) shall have the effect of an order of this Court, and (b) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers. The Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

**Z.**     <u>Term of Injunctions or Stays.</u>

80.     Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Case pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order) shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

**AA.**     <u>Conflicts Between This Confirmation Order and the Plan.</u>

81.     The provisions of the Plan and of the Confirmation Order shall be construed in a manner consistent with each other so as to effectuate the purposes of each; <u>provided</u>, <u>however</u>, that if there is determined to be any inconsistency between any provision of the Plan and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern, and any such provisions of this Confirmation Order shall be deemed a modification of the Plan. In the event of an inconsistency between the terms of the Plan, the Plan Supplement and any other instrument or document created or executed pursuant to the Plan, the terms of the Plan shall control.

**BB.**     <u>Waiver of Stay.</u>

82.     For good cause shown, the stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

**CC.**     <u>Final Order; Authorization to Consummate.</u>

83.     This Confirmation Order is a Final Order which shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the period in which an appeal must be filed shall commence upon the entry hereof. In the absence of any Person obtaining

a stay pending appeal, the Debtor is authorized to consummate the Plan subject to the satisfaction or waiver of the conditions precedent to the Effective Date set forth in Article IX of the Plan.

**DD.** **Plan Treatment for Certain Taxing Authorities/Governmental Agencies.**

84.     Notwithstanding any otherwise applicable and conflicting provision in the Plan or this Confirmation Order, with respect to Amended Proof of Claim No. 3 filed by Grayson County for personal property taxes in the amount of $150,034.47, the Debtor shall pay such claim in full within thirty (30) days of the Effective Date of the Plan.  Post-petition interest shall accrue on such claim at the rate of 1% per month pursuant to Bankruptcy Code sections 506(b) and 511.  Post-Effective Date interest shall also accrue on such claim at the rate of 1% per month pursuant to Bankruptcy Code sections 511 and 1129.  Grayson County shall retain its liens on the personal property that is the subject of the taxes until such time as their claim is paid in full.  If the Debtor defaults with respect to the payment of Grayson County's Claim, and fails to cure such default within thirty (30) days of receipt of written notice of such default from Grayson County, then Grayson County shall be permitted to pursue its state law remedies to collect on its claim without further order of the Bankruptcy Court.  The Debtor shall be permitted no more than two defaults and opportunities to cure such defaults.

85.     Notwithstanding anything else to the contrary in the Plan or Confirmation Order, the following provisions will govern the treatment of claims and obligations, if any, owing to the Comptroller of Public Accounts (the "Comptroller") and the Texas Workforce Commission (the "TWC"), if any: (1) nothing provided in the Plan or Confirmation Order shall affect or impair any statutory or common law setoff rights of the Comptroller or the TWC in accordance with 11 U.S.C. § 553; (2) nothing provided in the Plan or Confirmation Order shall affect or impair any rights of the Comptroller or the TWC to pursue any non-debtor third parties for tax debts or claims, and the Comptroller and TWC specifically opt out of any third party releases, if any; (3) nothing provided

in the Plan or Confirmation Order shall be construed to preclude the payment of interest on the Comptroller's or the TWC's administrative expense tax claims, if any; (4) to the extent that interest is payable with respect to any administrative expense, priority or secured tax claim of the Comptroller or the TWC, the interest rate shall be the statutory interest rate, currently 4.25% per annum; (5) the Comptroller and/or the TWC are not required to file a motion or application for payment of administrative expense claims; the Comptroller's and/or the TWC's administrative expense claims are allowed upon filing, subject to objection on substantive grounds; and (6) nothing provided in the Plan or Confirmation Order impacts the governmental claims bar date, and Comptroller and TWC may amend their claims at any point.   .

**EE.**    **Discharge of Subchapter V Trustee.**

86.    Pursuant to Bankruptcy Code section 1183, the Subchapter V Trustee shall terminate any and all services with respect to the Debtor and the Case as of the Effective Date of the Plan. The Debtor shall file with the Court and serve on the Subchapter V Trustee, the Office of the United States Trustee, and all parties in interest a Notice of the Effective Date within seven (7) days of the occurrence of the Effective Date.

**### END OF ORDER ###**

**<u>Exhibit A</u>**

**Plan**